# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIREYA MAGANA,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:21-cv-01100-BAK(SAB)<br><br>ORDER RE: STIPULATION FOR VOLUNTARY REMAND PURSUANT TO 42 U.S.C. § 405(G)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF Nos. 11, 13, 14, 15) |

On July 19, 2021, Plaintiff Mireya Magana filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for disability benefits pursuant to the Social Security Act. (ECF No. 1.)  On April 1, 2022, the Court issued an order advising the parties of the lifting of the stay of action pursuant to General Order Number 644, which rescinded the Court's temporary stay in Social Security Matters effective April 1, 2022, and provided an amended scheduling order. (ECF No. 10.)  Pursuant to the amended scheduling order, Defendant was directed to electronically file the administrative record within 120 days of service of the Court's order. (Id. at 2.)  Thus, the deadline to file the administrative record was August 1, 2022.  However, as of August 2, 2022, neither the administrative record, nor other filings, had been submitted.  Accordingly, on August 2, 2022, the Court issued an order to show cause in writing why sanctions should not issue for the failure to comply with the Court's orders and timely file the administrative record

in this matter. (ECF No. 17.)

On August 3, 2022, Defendant lodged the administrative record. (ECF No. 13.) On August 4, 2022, Defendant filed a response to the order to show cause and the parties filed a stipulation agreeing to a voluntary remand of this matter for further proceedings pursuant to the fourth sentence of Section 205(g) of the Social Security Act, 42 U.S.C. 405(g). (ECF Nos. 14, 15.)

In her response to the order to show cause, counsel for Defendant proffers she was not timely added as counsel of record due to an administrative oversight, which she sought to correct as soon as alerted to the situation by the Court's order. (ECF No. 15.) Counsel also proffers she has been diligently working towards securing authority for voluntary remand and resolution of the instant action, and was preparing to seek a stipulation to extend the briefing deadlines; however, she learned on August 1, 2022, that her father had fallen at home and was admitted to the hospital, and subsequently the ICU. As a result of this disruption, counsel inadvertently failed to file the stipulation and therefore seeks a short nunc pro tunc extension to file the administrative record. As the Court has noted, the administrative record was filed on August 3, 2022, only one day after issuance of the Court's order to show cause. As such, the Court finds counsel has more than sufficiently responded to the Court's order and shall discharge the order to show cause.

Pursuant to the terms of the stipulation, the Office of Hearing Operations will remand the case to an administrative law judge ("ALJ") to further develop the record as necessary, and issue a new decision. (ECF No. 14.) The parties further request that the Clerk of the Court be directed to enter a final judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner. The Court finds good cause exists to grant the parties' stipulated request.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's August 2, 2022 order to show cause (ECF No. 11) is DISCHARGED.
2. The above-captioned action is REMANDED to the Commissioner of Social Security for further proceedings consistent with the terms of the stipulation for

        remand;

3.     Judgment is entered in favor of Plaintiff Mireya Magana and against Defendant Commissioner of Social Security; and

4.     The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **August 4, 2022**

UNITED STATES MAGISTRATE JUDGE